## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD V. RITCHIE, | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| vs. | : | **NO.:** |
| | : | |
| BRIAN MATHIEU AND PV HOLDING CORP., | : | |
| | : | |
| Defendants | : | |
| | : | |

### DEFENDANT BRIAN MATHIEU'S NOTICE OF REMOVAL

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Pursuant to 28 U.S.C. §1446, §1441(a), and §1332, Defendant Brian Mathieu removes to this Court the above action, pending as civil action number 170502103 (May Term 2017, No. 2103), in the Court of Common Pleas of Philadelphia County, Pennsylvania. As grounds for removal, Defendant states:

### BACKGROUND

1.   This civil action, arising out of a motor vehicle accident, and commenced on May 12, 2017, is pending in the Court of Common Pleas, Philadelphia County, a court located within this District, under Docket No. 170502103.

2.   Defendant Brian Mathieu was served with a Complaint on or about May 15, 2017.

3.   This Court has jurisdiction of this action under 28 U.S.C. §1332, *et seq.*

4.   Defendant is filing this Notice of Removal within thirty days of learning of the pendency of this action. *See* 28 U.S.C. §1446(b)(1).

5.   Moreover, one year has not expired since the commencement of this action.

6.    Venue is proper in this Court because the Court of Common Pleas of Philadelphia County, where this case was originally filed, is in this District. *See* 28 U.S.C. § 1446(a).

7.    Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Defendant prior to the filing of this Notice of Removal is attached hereto as Exhibit A.

8.    Pursuant to 28 U.S.C. § 1446(d), Defendant is serving a copy of this Notice of Removal on all counsel of record. Notice of the filing of this Notice of Removal will be filed with the Clerk of the Court of Common Pleas of Philadelphia County and a copy is attached hereto as Exhibit B.

***Diversity of Citizenship***

9.    The diversity of citizenship requirement under 28 U.S.C. § 1332(a) is met.

10.    Per the Complaint, Plaintiff Gerald Ritchie is a citizen of the State of Delaware, residing at 4004 Rosetree Hunt, Newark, Delaware 19702. *See* Ex. A, ¶ 1, 28 U.S.C. § 1332.

11.    Defendant Brian Mathieu is a citizen of the State of New Hampshire residing at 90 Pine Hill Road, Hollis, New Hampshire 03049. *See* Ex. A, ¶ 2, 28 U.S.C. § 1332.

12.    Defendant PV Holding Corp. appears to have been served but has not yet filed any pleadings responsive to the Complaint. *See* Exhibit B.

13.    Upon information and belief, Defendant PV Holding Corp. is a citizen of the State of New York, with a principal place of business at 90-20 Grand Central Parkway, East Elmhurst, New York 11369. *See* Ex. A, ¶ 3, 28 U.S.C. § 1332.

14.    PV Holding Corp. has consented to removal of this matter. A copy of the Consent to Notice of Removal is attached hereto as Exhibit C.

15.   Diversity exists under 28 U.S.C. § 1332 because the parties are citizens of different states.

**Amount in Controversy**

16.   Removal is proper under 28 U.S.C. § 1332(a) as, upon information and belief, the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. [1]

17.   Plaintiff seeks a variety of "permanent" damages. *See* Exh. A at ¶¶ 9-13.

18.   More specifically, Plaintiff alleges damages as follows:

- "... permanent internal and external injuries which rendered him sick, sore, lame and disabled. He was hurt, wounded and bruised in and about his head, limbs and body, and more particularly, he sustained the following injuries: annular tear and left paracentral disc herniation at C5-6, left paracentral annular tear and disc herniation at C6-7, cervical and lumbar sprain and strain and cervicogenic headaches. He also suffered injuries to his nerves and nervous system. He also suffered severe nervous shock." *Id.* at ¶ 9.

- "... Plaintiff has been required to incur substantial expenses procuring medical attention and will in the future incur additional expenses." *Id.* at ¶ 10.

- "... Plaintiff has been unable to attend to his usual duties and, will, in the future continue to be so disabled all to his great damage, injury and loss." *Id.* at ¶ 11.

- "... Plaintiff has suffered and continues to suffer severe physical pain, disability, mental anguish and humiliation, all of which Plaintiff believes and therefore avers will be permanent." *Id.* at ¶ 12.

- "Some or all of Plaintiff's injuries are permanent and his expenses, loss of life's pleasures and disabilities are permanent." *Id.* at ¶ 13.

19.   Further, prior to litigation, Plaintiff made a settlement demand of $250,000.00.

20.   Therefore, the matter is removable pursuant to 28 U.S.C. § 1332.

---

[1] In making its good faith calculations of the amounts being sought by the Plaintiff's Complaint, Defendant Brian Mathieu does not concede or admit, in any fashion, that any claims for such amounts, or any amounts, have legal or factual merit, and reserves all rights and defenses to such claims.

**WHEREFORE**, Defendant, Brian Mathieu, effects the removal of this action from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

**LAVIN, O'NEIL, CEDRONE & DiSIPIO**

Dated: June 12, 2017        BY:     *s/Matthew D. Garson*
Matthew D. Garson, Esquire
(Pa. Bar No. 94048)
mgarson@lavin-law.com
190 N. Independence Mall, West, Suite 500
Philadelphia, PA 19106
(215)627-0303
*Attorney for Defendant,*
*Brian Mathieu*

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GERALD V. RITCHIE, | : |
| | : **CIVIL ACTION** |
| Plaintiff | : |
| | : |
| vs. | : **NO.:** |
| | : |
| BRIAN MATHIEU AND PV HOLDING | : |
| CORP., | : |
| | : |
| Defendants | : |

## CERTIFICATE OF SERVICE

I, Basil A. DiSipio, Esquire, hereby certify that a true and correct copy of Defendant Brian Mathieu's Notice of Removal was filed with the Clerk of the United States District Court for the Eastern District of Pennsylvania and served upon all counsel of record in this matter of the 12th day of June, 2017, via Federal Express:

Guy N. Paolino, Esquire
Law Offices of Forbes Bender Paolino & DiSanti, P.C.
205 N. Monroe Street
P.O. Box 568
Media, PA 19063
Attorney for Plaintiff

James E. Egbert, Esquire
Egbert & Barnes, P.C.
1494 Old York Road, Suite 200
Abington, PA 19001
Attorney for Defendant,
PV Holding Corp.

**LAVIN, O'NEIL, CEDRONE & DiSIPIO**

Dated: June 12, 2017                    BY: *s/Matthew D. Garson*
                                        Matthew D. Garson, Esquire
                                        (Pa. Bar No. 94048)
                                        mgarson@lavin-law.com
                                        190 N. Independence Mall, West, Suite 500
                                        Philadelphia, PA 19106
                                        (215)627-0303
                                        *Attorneys for Defendant,*
                                        *Brian Mathieu*

1930924v1