IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD V. RITCHIE,<br><br>               Plaintiff<br><br>           vs.<br><br>BRIAN MATHIEU AND PV HOLDING<br>CORP.,<br><br>               Defendants | : **CIVIL ACTION**<br>:<br>:<br>:<br>: **NO.: 17-cv-02637**<br>:<br>: **JURY TRIAL DEMANDED**<br>:<br>:<br>: |

**DEFENDANT BRIAN MATHIEU'S ANSWER TO PLAINTIFF'S COMPLAINT WITH
AFFIRMATIVE DEFENSES AND JURY DEMAND**

Defendant, Brian Mathieu,("Answering Defendant") by and through his undersigned counsel, Lavin, O'Neil, Cedrone & DiSipio, hereby answers and asserts affirmative defenses to the Complaint of Plaintiff, Gerald V. Ritchie, ("Plaintiff") and states as follows:

1.     Denied.  Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and thus same is denied.

2.     Admitted.

3.     Denied.  The allegations of this paragraph of plaintiff's Complaint are directed to a defendant other than Answering Defendant, therefore, no response is necessary.

4.     Denied.

5.     Denied.  To the extent that the allegations contained in this paragraph of plaintiff's Complaint are directed to a Defendant other than Answering Defendant, no response is necessary.  The remaining allegations of this paragraph are denied.

6. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and thus same are denied.

7. Denied.

8. (a–g) Denied.

9. Denied. To the extent that the allegations contained in this paragraph of plaintiff's Complaint are directed to a Defendant other than Answering Defendant, no response is necessary. The remaining allegations of this paragraph of Plaintiff's Complaint are denied.

10. Denied. To the extent that the allegations contained in this paragraph of plaintiff's Complaint are directed to a Defendant other than Answering Defendant, no response is necessary. The remaining allegations of this paragraph of Plaintiff's Complaint are denied.

11. Denied. To the extent that the allegations contained in this paragraph of plaintiff's Complaint are directed to a Defendant other than Answering Defendant, no response is necessary. The remaining allegations of this paragraph of Plaintiff's Complaint are denied.

12. Denied. To the extent that the allegations contained in this paragraph of plaintiff's Complaint are directed to a Defendant other than Answering Defendant, no response is necessary. The remaining allegations of this paragraph of Plaintiff's Complaint are denied.

13. Denied.

**WHEREFORE**, Answering Defendant, Brian Mathieu, demands judgment in his favor and against Plaintiff on all claims asserted in Plaintiff's Complaint together with costs of suit, attorneys' fees and other relief deemed appropriate by this Honorable Court.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The injuries alleged in Plaintiff's Complaint were not directly or proximately caused by any act, omission or conduct of Answering Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has not suffered any damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, waiver and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

No act or actions by Answering Defendant can be considered the legal cause of damages suffered by the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Answering Defendant did not breach any duty owed to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Answering Defendant are barred and/or limited to the extent that Plaintiff has waived and/or released all or any portion of such claims.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by comparative negligence and/or assumption of the risk and/or voluntarily encountering a known danger.

3

## TENTH AFFIRMATIVE DEFENSE

The injuries and damages of the Plaintiff, if any, were solely and proximately caused by the acts and/or omissions of third parties over whom Answering Defendant had no control or right of control.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages should be barred or reduced because Plaintiff has failed to mitigate his own damages.

## TWELFTH AFFIRMATIVE DEFENSE

Answering Defendant was in no way negligent.

## THIRTEENTH AFFIRMATIVE DEFENSE

Venue may be improper.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrine of *res judicata*.

## FIFTEENTH AFFIRMATIVE DEFENSE

Answering Defendant pleads and raises all applicable defenses provided by the Pennsylvania Motor Vehicle Financial Responsibility Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendant hereby reserves the right to file such additional defenses, affirmative defenses, crossclaims or Third-Party Complaints as may be appropriate upon further discovery.

## CROSS CLAIM AGAINST DEFENDANT, PV HOLDING CORP.

1.      Answering Defendant incorporates by reference as though fully set forth herein his responses to the averments set forth in paragraphs 1-13 inclusive of the Complaint and all Affirmative Defenses set forth above.

2.      If Plaintiff sustained the damages as alleged in the Complaint, all such damages being expressly denied, then Answering Defendant alleges that Plaintiff's damages were caused by the acts and/or omissions of Defendant, PV Holding Corp.

3.      If Plaintiff sustained the damages alleged in the Complaint, all such damages being expressly denied, and there is a finding that Answering Defendant is liable for such damages, such liability being expressly denied, then Answering Defendant alleges that Defendant, PV Holding Corp. is solely liable to Plaintiff, jointly and severally liable to Plaintiff or liable over to Answering Defendant for such damages by way of contribution and/or indemnity.

WHEREFORE, Answering Defendant demands that Defendant, PV Holding Corp., be found alone and solely liable to the Plaintiff, jointly and severally liable to the Plaintiff and/or liable over to Answering Defendant by way of contribution and/or indemnity for any sums which it may be found liable to the Plaintiff, any such liability on Answering Defendant's part being specifically denied, together with an award of costs of suit and such other relief as this Honorable Court may deem appropriate.

## JURY DEMAND

Answering Defendant, Brian Mathieu, hereby demands pursuant to Fed.R.Civ. 38(b) a

trial by jury as to all issues.

### LAVIN, O'NEIL, CEDRONE & DiSIPIO

BY:     *s/Matthew D. Garson*
        Matthew D. Garson, Esquire
        mgarson@lavin-law.com
Dated:  June 19, 2017                      190 N. Independence Mall, West, Suite 500
        Philadelphia, PA  19106
        (215) 627-0303 (phone)
        (215) 627-2551 (fax)
        *Attorneys for Defendant,*
        *Brian Mathieu*

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD V. RITCHIE, | : |
| Plaintiff | : **CIVIL ACTION** |
| | : |
| vs. | : **NO.: 17-cv-02637** |
| | : |
| BRIAN MATHIEU AND PV HOLDING CORP., | : **JURY TRIAL DEMANDED** |
| | : |
| Defendants | : |

### CERTIFICATE OF SERVICE

I, Matthew D. Garson, Esquire, hereby certify that a true and correct copy of Defendant Brian Mathieu's Answer to Plaintiff's Complaint was electronically filed with the Clerk of the United States District Court for the Eastern District of Pennsylvania and served via First Class United States Mail, postage pre-paid, upon the following counsel of record in this matter on the 19th day of June, 2017:

Guy N. Paolino, Esquire
Law Offices of Forbes Bender Paolino &
DiSanti, P.C.
205 N. Monroe Street
P.O. Box 568
Media, PA 19063
Attorney for Plaintiff

James E. Egbert, Esquire
Egbert & Barnes, P.C.
1494 Old York Road, Suite 200
Abington, PA 19001
Attorney for Defendant,
PV Holding Corp.

### LAVIN, O'NEIL, CEDRONE & DiSIPIO

BY:  _s/Matthew D. Garson_
Matthew D. Garson, Esquire
mgarson@lavin-law.com
190 N. Independence Mall, West, Suite 500
Philadelphia, PA  19106
(215) 627-0303 (phone)
(215) 627-2551 (fax)
*Attorneys for Defendant,*
*Brian Mathieu*