IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD V. RITCHIE, | **CIVIL ACTION** |
| *Plaintiff,* | |
| v. | No. 17-cv-02637 |
| BRIAN MATHIEU<br>   and<br>PV HOLDING CORP., | |
| *Defendants.* | |

**DEFENDANT PV HOLDING CORP.'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSE AND CROSSCLAIM**

Defendant, PV Holding Corp., LLC (hereafter referred to as "Avis") by and through its attorney, James E. Egbert, Esquire, Egbert & Barnes, P.C., answers Plaintiff's Complaint as follows:

1. Denied. After reasonable investigation, Answering Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded, if deemed relevant, at time of trial.

2. Denied. After reasonable investigation, Answering Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded, if deemed relevant, at time of trial.

3. Denied. After reasonable investigation, Answering Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied.

4. Denied. To the extent the allegations contained in aforesaid paragraph are conclusions of law, no response is required under the applicable Rules of Civil Procedure. To the extent the allegations are factual, answering Defendant denies same. By way of further answer, it is specifically denied that defendant Brian Mathieu was the agent, servant or employee of Defendant PV Holding and was not acting in the scope of his agency or employment.

5. Denied. To the extent the allegations contained in aforesaid paragraph are conclusions of law, no response is required under the applicable Rules of Civil Procedure. To the extent the allegations are factual, answering Defendant denies same.

6. Denied. After reasonable investigation, Answering Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied.

7. Denied. After reasonable investigation, Answering Defendant is without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied.

8. (a.-g.) Denied. To the extent the allegations contained in aforesaid paragraph are conclusions of law, no response is required under the applicable Rules of Civil Procedure. To the extent the allegations are factual, answering Defendant denies same.

9. Denied. To the extent the allegations contained in aforesaid paragraph are conclusions of law, no response is required under the applicable Rules of Civil Procedure. To the extent the allegations are factual, answering Defendant denies same.

10. Denied. To the extent the allegations contained in aforesaid paragraph are conclusions of law, no response is required under the applicable Rules of Civil Procedure. To the extent the allegations are factual, answering Defendant denies same.

11. Denied.  To the extent the allegations contained in aforesaid paragraph are conclusions of law, no response is required under the applicable Rules of Civil Procedure.  To the extent the allegations are factual, answering Defendant denies same.

12. Denied.  To the extent the allegations contained in aforesaid paragraph are conclusions of law, no response is required under the applicable Rules of Civil Procedure.  To the extent the allegations are factual, answering Defendant denies same.

13. Denied.  To the extent the allegations contained in aforesaid paragraph are conclusions of law, no response is required under the applicable Rules of Civil Procedure.  To the extent the allegations are factual, answering Defendant denies same.

**WHEREFORE**, Answering Defendant demands that judgment be entered in their favor and that the Plaintiff's Complaint be dismissed with prejudice.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action against Answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action against Answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff was injured as alleged, said injuries being expressly denied, then said injuries are due to the acts of third parties over whom Answering Defendant exercised no control.

## FIFTH AFFIRMATIVE DEFENSE

Any injuries or damages alleged to have been sustained by the Plaintiff were the result of the negligence or other conduct of a third person or persons over whom answering Defendant exercised no control or right of control.

## SIXTH AFFIRMATIVE DEFENSE

Defendant performed each and every duty and obligation he owed to the Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff was guilty of contributory negligence.

## EIGTH AFFIRMATIVE DEFENSE

The negligence of the Plaintiff was greater than that of answering Defendant.

## NINTH AFFIRMATIVE DEFENSE

The incidents and damages alleged in the Complaint were the result of the sole negligence of the Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be barred in whole or in part by the doctrine of *res judicata* and/or collateral estoppel and/or the entire controversy doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over answering Defendant.

## TWELFTH AFFIRMATIVE DEFNSE

There is improper and insufficient service of process.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited pursuant to the applicable statute of limitations, the relevant portions of which are incorporated herein by reference.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the Pennsylvania Comparative Negligence Act, the relevant portions of which are incorporated herein by reference as if more fully set forth at length.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff was contributorily negligent as a matter of law.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited or barred pursuant to the provisions of the "Fair Share Act," 42 Pa. C.S.A. §1702 and Answering Defendant hereby asserts all of the rights and defenses available to them under the aforementioned Act.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is barred and/or limited pursuant to the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Act, 75 Pa. C.S.A., 1701 et. seq. and Answering Defendant, hereby asserts all of the rights and defenses available to him under the aforementioned act.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the preclusion of pleading, proving and/or recovering special damages as set forth in Section 1722 of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. §1722.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the tort thresholds applicable by election or law of the Pa. Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. §1701 et seq., and Answering Defendants hereby assert all of the rights and defenses available to them under the Act.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the federal Graves Amendment, precluding and preempting Plaintiff's claims against Avis based on any theory of vicarious liability, as set forth at 49 U.S.C. § 30106.

**WHEREFORE**, answering Defendant demands that judgment be entered in their favor and that the Plaintiff's Complaint be dismissed with prejudice.

## CROSSCLAIM FOR INDEMNICATION

20. Answering Defendant hereby incorporates all previous paragraphs of its answer as if set forth herein at length.

21. Answering Defendant hereby incorporates all well pled factual averments of Plaintiff's Complaint, without admission or adoption of the same.

22. If the averments of Plaintiff's Complaint are proven at the time of trial, which said averments Answering Defendant specifically denies, then Plaintiff's damages were caused in whole or in part by the carelessness, recklessness, negligence or other breach of duty on the part of co-Defendants.

23. Answering Defendant believes and therefore avers that in the event a judgment is entered in favor of the Plaintiffs, then a judgment should solely be entered against co-Defendant and/or if

such judgment is entered against this answering Defendants, then Answering Defendant is entitled to indemnity and/or contribution from co-defendant.

**WHEREFORE**, Answering Defendant requests that in the event a judgment is entered in favor of the Plaintiff, that said judgment be entered solely against the co-defendant and/or in the event that said judgment is entered in favor of the Plaintiff and against Answering Defendants, that co-defendant be held liable over to Answering Defendant for indemnity and/or contribution, together with costs of suit.

                                  **EGBERT & BARNES, P.C.**

                BY:    /s/ *James E. Egbert*
                          James E. Egbert, Esq.
                          Attorney I.D. No. 46389
                          *Attorney for Defendant*
                          *PV Holding Corp.*

Date:  July 11, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD V. RITCHIE, | CIVIL ACTION |
| *Plaintiff,* | |
| v. | No. 17-cv-02637 |
| BRIAN MATHIEU<br>and<br>PV HOLDING CORP., | |
| *Defendants.* | |

## CERTIFICATE OF SERVICE

I, James E. Egbert, Esquire, hereby certify that a true and correct copy of Defendant PV Holding's Answer to Plaintiff's Complaint was electronically filed with the Clerk of the United States District Court for the Eastern District of Pennsylvania, and by e-mail, upon the following counsel of record in this matter on the 11th day of July, 2017:

Guy N. Paolino, Esquire
Law Offices of Forbes Bender
Paolino & DiSanti, P.C.
205 N. Monroe Street
P.O. Box 568
Media, PA 19063
*gpaolino@fbpdlaw.com*
***Attorney for Plaintiff***

Matthew D. Garson, Esquire
Lavin, O'Neil, Cedrone & DiSipio
190 N. Independence Mall, West, Suite 500
Philadelphia, PA 19106
*mgarson@lavin-law.com*
***Attorney for Defendant Brian Mathieu***

**EGBERT & BARNES, P.C.**

BY:   /s/ *James E. Egbert*
         James E. Egbert, Esq.
         Attorney I.D. No. 46389
         *Attorney for Defendant*
         *PV Holding Corp.*

Date:  July 11, 2017